H. STAN JOHNSON, ESQ.
Nevada Bar No.: 0265
sjohnson@cohenjohnson.com
COHEN-JOHNSON, LLC
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89118
Telephone: (702) 823-3500
Facsimile: (702) 823-3400
Attorneys for Debtor/Defendant,
Jaimee Yoshizawa

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>JAIMEE YOSHIZAWA,<br><br>        Debtor.<br>_____<br><br>RICHARD JACKSON and DANIELLE JACKSON;<br><br>        Plaintiffs,<br><br>vs.<br><br>JAIMEE YOSHIZAWA, and individual;<br><br>        Defendant. | Case No.:  10-33774-led<br>Chapter 7<br><br><br><br><br>Adversary No.:  14-01035-led<br><br><br><br>Hearing Date:  8/4/14<br>Hearing Time: 1:30 p.m. |

### DEFENDANT'S MOTION FOR DISMISSAL PURSUANT TO FRCP 12(b)

Debtor/Defendant, Jaimee Yoshizawa, by and through her counsel of record H. Stan Johnson, Esq. of Cohen-Johnson, LLC, hereby files this Motion to Dismiss Plaintiff's Complaint pursuant to FRCP 12(b) as made applicable by FRBP 7012(b), and pursuant to FRCP 4 as made applicable by FRBP 7004 for failure to serve the Adversary Complaint timely.

These Motions are based upon the memorandum of points and authorities attached hereto, all of the pleadings submitted to date in this action and the related bankruptcy proceedings, and any oral

argument which is allowed at the time of hearing of this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Defendant moves this Court for dismissal pursuant to FRCP 12(b)(4) and/or (6), as Plaintiffs have failed to serve the Defendant, the Defendant has received a discharge from the debt claimed and/or Plaintiffs cannot state a claim by which relief may be granted.  Plaintiffs have failed to serve the Adversary Complaint within 120 days, the issued summons is void and the claimed debt was discharged.

## II.

## STATEMENT OF FACTS

**A.    Procedural History**

1.    On December 23, 2010 the Debtor filed for bankruptcy relief under Title 11 of the United State Code through filing his Chapter 7 petition (the "petition").  In re Jaimee Yoshizawa, Case No. 10-33774-led, Docket No. 1.

2.    On December 29, 2010 all of the listed creditors were provided notice of the 341 Meeting of Creditors.  Docket No. 8.  Richard Jackson was identified as a creditor.  *Id.* Docket No. 1.

3.    Debtor did not have a current address for Richard Jackson, but informed him of the bankruptcy filing in December, 2012.  *See* Declaration of Jaimee Yoshizawa concurrently filed herein at ¶2.

4.    Pursuant to the 341 Notice any objections to the discharge of disclosed debts were due on April 4, 2011.  Docket Entry No. 6.

5.    The Debtor's bankruptcy filing was deemed a "no asset" case.  Docket Entry No. 26.

6.      Debtor thereafter received a discharge of the scheduled debt on February 3, 2012, which was served upon all identified interested parties on February 5, 2012.  Docket No. 71.

7.      This bankruptcy case was closed on March 6, 2012.  Docket No. 73.

**B.      Facts Related to Richard Jackson and Danielle Jackson's State Court Case**

8.      Richard Jackson and Danielle Jackson (the "Jacksons") filed an action against Jaimee Yoshizawa and other defendants on July 15, 2013.  *See* Declaration of Jaimee Yoshizawa, at ¶3; *see also* Complaint attached herein Exhibit 1.

9.      On July 22, 2013 Debtor sent correspondence to the Plaintiffs' former counsel, Neil Ackerman, Esq. informing him that the filing of a complaint against her was a violation of the discharge injunction enumerated in 11 U.S.C. § 727.  Declaration, ¶4; *see also* correspondence attached herein as Exhibit 2.

10.      Mr. Ackerman did not respond to Ms. Yoshizawa's request to be dismissed from the State Court case.  The failure of the Plaintiffs to dismiss the Ms. Yoshizawa from the State Court matter necessitated the filing of a motion to dismiss.  Declaration, ¶5.

11.      On March 12, 2014 Defendant filed a motion which in part sought her dismissal as a party in the State Court matter.  The State Court consequently determined on or about April 21, 2014, that Ms. Yoshizawa should be dismissed from the State Court Case because "it appears that this debt was discharged in Bankruptcy."  *See* Court Minutes of April 21, 2014 attached herein as Exhibit 3; *see also* Declaration at ¶6.

**C.      Facts Related to the Filing of This Adversary Case.**

12.      On March 3, 2012, approximately one week before the State Court dismissed Ms. Yoshizawa from the State Court case, Plaintiffs filed the instant adversary case.  Adversary Docket No. 1; see also Declaration at ¶7.

13.      A summons was issued in this case on March 4, 2014.  Adversary Docket No. 4.

14.    To date, Defendant has not been personally served with the Adversary Complaint, Summons or other necessary documents since the case was opened on March 3, 2012.  It has now been in excess of 120 days since the Bankruptcy Adversary Complaint was filed.  Declaration at ¶8.

**III.**

**LEGAL ARGUMENT**

**A.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO PERFECT SERVICE WITHIN 120 DAYS UPON THE DEFENDANT.**

Plaintiffs' Complaint should be dismissed for failure to serve within the time prescribed and because the claimed debt has already been discharged.  Pursuant to FRBP 7012, FRCP 12(b)-(i) applies in adversary cases.  FRCP 12(b) states that, "a party may assert the following defenses by motion: … (4) insufficient service of process … (6) failure to state a claim upon which relief can be granted …" Pursuant to FRBP 7004(j) the Plaintiff must serve the summons and complaint upon the defendant within 120 days or the action may be dismissed without prejudice.  The summons issued by the clerk is only effective 14 days after it is issued.  FRBP 7004(e).

Plaintiffs have failed to comply with the procedure for serving the Defendant and the complaint must as a matter of law be dismissed.  The Complaint should be dismissed for "insufficient service of process."  *See* FRCP(b)(4).  The Plaintiff has failed to serve the Defendant within the 120 days required.  *See* FRBP 7004(j).  Additionally the summons that was issued on March 4, 2014 is void and of no effect.  *See* FRBP 7004(e).  As there is no dispute that the Plaintiffs have failed to serve the Complaint, timely or otherwise, it should be dismissed.  *See* FRBP 7004(j).

**B.    PLAINTIFFS CANNOT STATE A CLAIM FOR RELIEF BECAUSE THE CLAIMED DEBT HAS ALREADY BEEN DISCHARGED AND THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE.**

Defendant received a discharge of debt and therefore Plaintiffs' Complaint must fail because they cannot state a claim for relief. The Court in *Rivera v. United States Bank, N.A.*, 2011 U.S. Dist. LEXIS 35644, 4-6 (D. Hawaii, 2011 provided a conclusionary overview of ruling upon an FRCP

4

12(b)(6) motion:

> Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Review is limited to the contents of the complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). **A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim."** *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

*Id.*

The liability claimed by the Richardsons against Ms. Yoshizawa was discharged. Federal bankruptcy law determines whether a liability may be discharged. *Martin v. Martin*, 108 Nev. 384, 386, 832 P.2d 390-391; *citing In re Spong*, 661 F.2d 6, 9 (2nd Cir. 1981). In *Norwest Financial v. Lawver*, 109 Nev. 242, 247, 849 P.2d 324, 327 (1993) the Court stated that a discharge received in bankruptcy "operates as an injunction against the commencement or continuation of an action, …or an act to collect or recover from, or offset against, property of the debtor…" *Id.* (citing to 11 U.S.C. § 524(a)(3)). In *In re Beezley*, 994 F. 2d 1433, 1435 (9th Cir., 1993) the Court stated in regards to a "no asset" case:

> [t]he this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter [i.e., the date of the bankruptcy filing]...." "The operative word is 'all'. There is nothing in Section 727 about whether the debt is or is not scheduled. So far as that section is concerned, a pre-bankruptcy debt is discharged, whether or not it is scheduled."

Plaintiffs cannot assert a cognizable legal theory because the debt they claim is due has been discharged. This Court is empowered to determine that the debt to the Jacksons has been discharged and determine that Plaintiffs should be restrained from their attempts to collect upon Jaimee Yoshizawa. *See Martin*, 108 Nev. at 386; *Norwest Financial,* 109 Nev. at 247. The discharge which was received already by the Defendant, acts as an injunction "against the commencement or continuation of an action …." *Id.* The claimed debt was identified by Defendant in her schedules;

however the debt would have been discharged whether or not it was scheduled as the bankruptcy was deemed a "no asset" case. *See Beezley*, 994 F.2d at 1435. Thus the debt of the Plaintiffs' was discharged and they are prevented from seeking recovery of the discharged debt. *See Id*. Therefore Plaintiffs Adversary Complaint must be dismissed with prejudice.

**IV.**

**CONCLUSION**

Wherefore, Defendant respectfully requests that this Court grant the foregoing motion for dismissal pursuant to FRCP 12(b) and order that the Complaint filed by the Plaintiffs be dismissed with prejudice.

Dated this 25th day of June, 2014.

COHEN-JOHNSON, LLC


By:     /s/ H. Stan Johnson
H. STAN JOHNSON, ESQ.
Nevada Bar No.: 0265
        255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89118
Attorneys for Debtor/Defendant,
Jaimee Yoshizawa

**EXHIBIT 1**

Electronically Filed
07/15/2013 02:46:52 PM

**CLERK OF THE COURT**

1   **COMP**
NEIL ACKERMAN, ESQ.
2   Nevada State Bar No. 9950
NEIL ACKERMAN, ESQ., LLC.
3   624 S 10th Street
Las Vegas, Nevada 89101
4   Telephone: (702) 262-1651
Facsimile: (702) 974-1557
5   Attorney for Plaintiffs

6

7                              **DISTRICT COURT**

8                          **CLARK COUNTY, NEVADA**

9   RICHARD JACKSON and DANIELLE          Case No.: A - 1 3 - 6 8 5 1 9 3 - C
    JACKSON, Husband and Wife
10                                        Dept No.:   X X I
                Plaintiff(s),
11
12  v.                                    **COMPLAINT**

13  JAIMEE YOSHIZAWA, an individual; GRAND
    CANYON & LONE MOUNTAIN
14  DEVELOPMENT, LLC, a Nevada limited
    liability company; ALL ISLAND PROPERTIES,
15  INC., a Hawaii corporation; ALFONSO and
    JEAN TENNARIELLO, husband and wife;
16  PHILLIP SILVA, JR. and ELIZABETH SILVA,
    husband and wife; JONATHAN NELSON, an
17  attorney in Nevada; NATIONAL ALLIANCE
    TITLE COMPANY, a California corporation;
18  DOE Individuals I-X; ROE Companies I-X
19
20              Defendant(s).

21          COMES NOW Plaintiffs, RICHARD & DANIELLE JACKSON, by and through their

22  attorney, Neil A. Ackerman, Esq., LLC, and alleges against the Defendants, JAIMEE

23  YOSHIZAWA, GRAND CANYON & LONE MOUNTAIN DEVELOPMENT, LLC, ALL

24  ISLAND PROPERTIES, INC., ALFONSO and JEAN TENNARIELLO, PHILLIP and

25  ELIZABETH   SILVA,   JONATHAN   NELSON,   NATIONAL   ALLIANCE   TITLE

26  COMPANY, DOE Individuals I-X and ROE Companies I-X, as follows:

27

28

## GENERAL ALLEGATIONS

1. At all times relevant herein, Defendants JAIMEE YOSHIZAWA, GRAND CANYON & LONE MOUNTAN DEVELOPMENT, LLC, and ALFONSO TENNARIELLO were and are residents or domestic companies of the State of Nevada and/or conducting business in the State of Nevada.

2. At all times relevant herein, Plaintiffs, were and are residents of the State Vermont who were engaged in the subject conduct in Nevada concerning Nevada real property.

3. This Court has jurisdiction in that all of the harm sustained by Plaintiff occurred in the County of Clark, State of Nevada and most of the actions complained of herein occurred in the County of Clark, State of Nevada.

## FACTS COMMON TO ALL CLAIMS

4. During the year 2007, Plaintiffs were contacted by Defendant, Jamie Yoshizawa, for the purpose of investing money through a 1031 exchange in a development project.

5. At the time this occurred, Jamie Yoshizawa was the owner and manager of Grand Canyon and Lone Mountain LLC, a Nevada limited liability company that held a fifty percent (50%) undivided interest in two parcels of land, APN's 125-31-403-002 and 125-31-403-003 (the "Parcels").

6. At the time this occurred, the other fifty percent (50%) of the Parcels was owned by All Island Properties, Inc., a Hawaii corporation.

7. Pursuant to a Power of Attorney recorded by Jamie Yoshizawa with the Clark County Recorder's Office, Jamie Yoshizawa had power of attorney for All Island Properties, Inc. with regards to the Parcels.

8. In furtherance of Jamie Yoshizawa's representations to Plaintiffs, Plaintiffs and the defendant, Grand Canyon & Lone Mountain Development, LLC executed a document

entitled Agreement of Owner's of Real Property (the "Agreement").

9.    Pursuant to the Agreement, Plaintiffs were promised full indemnification of all "costs, expenses, obligations, or otherwise relating to the Project and the Property..." where the Property was the Parcels and the Project was Yoshizawa's anticipated development.

10. The Agreement references and incorporates a Agreement of Purchase and Sale and Joint Escrow Instructions ("Purchase Agreement") between Plaintiffs and Grand Canyon & Lone Mountain Development, LLC.

11. The Purchase Agreement required Grand Canyon & Lone Mountain Development, LLC to repurchase the Parcels from Plaintiffs at a later date for the sum of the Purchase Price paid by Plaintiffs, payment of an Investment Payment as that term is defined in the Purchase Agreement, and payment of an additional ten thousand dollars ($10,000.00).

12. At all times during the discussions between Plaintiffs and Yoshizawa, it was never disclosed that the Parcels were encumbered to parties believed to be Alfonso and Jean Tennariello and Phillip and Elizabeth Silva.

13. Additionally, the Agreement specifically provides that Plaintiffs were to have "no obligation, duty, capital call, contribution or other expense of any kind or type in connection with the Property or the Project."

14. At the time these contractual representations were made, Yoshizawa was acting on behalf of herself, Grand Canyon & Lone Mountain Development, LLC, and All Island Properties, Inc.

## FIRST CLAIM FOR RELIEF

### BREACH OF CONTRACT

15. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 14 above as if set forth in full herein.

16. At the time of execution of the documents, Defendant Yoshizawa, for herself, and for Grand Canyon & Lone Mountain Development, LLC, All Island Properties, Inc. did enter into a contract which guaranteed to indemnify and hold Plaintiffs harmless from all "costs, expenses, obligations or otherwise relating to the Project and the Property...".

17. Plaintiffs have been required to pay the property taxes on the Property to protect their interest therein.

18. Plaintiffs have received a Notice of Default & Election to Sell recorded on behalf of Defendants Alfonso and Jean Tennariello, and  Phillip and Elizabeth Silva, collectively as beneficiaries, seeking to foreclose on the Property pursuant to a Deed of Trust.

19. Both of these actions constitute breaches of the Agreement protecting Plaintiffs' interest in the Property

20.  As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages in an amount in excess of $10,000.00.

21. It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action, and Defendants should be required to pay attorneys fees and costs incurred as a result of this action.

### SECOND CLAIM FOR RELIEF

### BREACH OF CONTRACT

22. Plaintiffs repeat and reallege every allegation set forth in paragraphs 1 through 21 above as if set forth in full herein.

23. The Purchase Agreement between Plaintiffs and Grand Canyon & Lone Mountain Development, LLC ("GCD"), executed by Defendant Yoshizawa on behalf of herself, GCD, and All Island Properties, Inc., required the defendants to repurchase the property from Plaintiffs in exchange for the sum of: 1) the Purchase Price paid by Plaintiffs; 2) an

Investment Payment as that term is defined in the agreements between the parties; 3) ten thousand dollars ($10,000.00).

24. Defendants Yoshizawa, GCD, and All Island Properties, Inc. have not performed their obligations by repurchasing the Property from Plaintiffs.

25. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages in an amount in excess of $10,000.00.

26. It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action, and Defendants should be required to pay attorneys fees and costs incurred as a result of this action.

**THIRD CLAIM FOR RELIEF**

**CONSTRUCTIVE TRUST/UNJUST ENRICHMENT**

27. Plaintiffs repeat and reallege every allegation set forth in paragraphs 1 through 21 above as if set forth in full herein.

28. Defendants have been unjustly enriched for the value of Plaintiff's money both through Plaintiffs' purchase of the Property pursuant to contracts that guaranteed repayment to Plaintiffs, and through Plaintiffs actions in paying the property taxes on the Property, which action is extra-contractual and beyond Plaintiffs obligations

29. Plaintiffs are entitled to a constructive trust over the assets and possessions of Defendants, and of the business of Defendants, and the Property to protect the true ownership and entitlement interests of Plaintiff, and to prevent the unjust enrichment, either intentionally or accidentally, by Defendants.

30. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages in an amount in excess of $10,000.00.

31. It has been necessary for Plaintiff to retain the services of an attorney to prosecute

this action, and Defendants should be required to pay attorneys fees and costs incurred as a result of this action.

### FOURTH CLAIM FOR RELIEF

### FRAUD

32. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 31 above as if set forth in full herein.

33. In order to induce Plaintiffs into entering into the agreements that are the subject of this matter, Defendant Yoshizawa, for herself, for GCD and for All Island Properties, Inc., did make representations to Plaintiffs that a return of Plaintiffs' investment in the Properties was guaranteed together with additional payments.

34. At the time these representations were made, Defendant Yoshizawa, for herself, for GCD and for All Island Properties, Inc., knew that she could not make these guarantees.

35. At the time these representations were made, Defendant Yoshizawa, for herself, for GCD and for All Island Properties, Inc., intended Plaintiffs rely upon these representations in entering into the subject agreements.

36. At the time these representations where made, Plaintiffs did, in fact, rely upon the representations of Defendant Yoshizawa, made for herself, for GCD and for All Island Properties, Inc., in entering into the subject agreements

37. As a result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has been damaged in excess of $10,000.

38. It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action, and Defendants should be required to pay attorneys fees and costs incurred as a result of this action.

### FOURTH CLAIM FOR RELIEF

**FRAUDULENT FORECLOSURE**

**AGAINST JONATHAN NELSON, ALFONSO & JEAN TENNARIELLO, PHILLIP**

**AND ELIZABETH SILVA, AND NATIONAL ALLIANCE TITLE COMPANY**

39. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 38 above as if set forth in full herein.

40. In April of 2013, Defendant Jonathan Nelson, did cause to be filed, in the name of National Alliance Title Company on behalf of the beneficiaries, Alfonso & Jean Tennariello and Phillip and Elizabeth Silva (collectively "Beneficiaries"), a Notice of Default and Election to Sell.

41. The Notice of Default and Election to Sell ("NOD") did not comply with the requirements of NRS 107.080 in that: 1) the NOD was not filed by the Beneficiary nor the Trustee (NRS 107.080 2(c)); 2) the NOD did not specify the full address of the trustee or trustee's representative (NRS 107.080 2(c)(1)); 3) the NOD did not specify the full name and last known address of all beneficiaries under the Deed of Trust (NRS 107.080 2(c)(2)); 4) and the NOD was recorded in the name of National Alliance Title Company as a Nevada Corporation, when such entity no longer exists, was never a Nevada corporation, and due to its non-existence, could not have authorized the filing of the Notice of Default.

42. Pursuant to NRS 107.080 (7), Plaintiffs are entitled to damages in the amount of five thousand dollars ($5,000.00) plus actual damages, plus an injunction enjoining sale of the Property until compliance with the above statute, plus attorney's fees

43. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages in an amount in excess of $10,000.00.

44. It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action, and Defendants should be required to pay attorneys fees and costs incurred as a

result of this action.

## FIFTH CLAIM FOR RELIEF

### EXPLOITATION OF THE ELDERLY

45. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 37 above as if set forth in full herein.

46. At the time of all of the above actions, all Defendants, by themselves or through their agents and representatives, did engage in actions intended to defraud Plaintiffs.

47. Plaintiffs were and are over the age of 60 and constitute "older persons" as defined by NRS 41.1395(4)(d).

48. Defendants have exploited Plaintiffs by gaining their trust and confidence to obtain control over money and property of Plaintiffs with the intent of permanently depriving Plaintiffs of such money and property.

49. By virtue of Defendants' actions, Plaintiffs are entitled to an award of damages in the amount of two times actual damages incurred pursuant to NRS 41.1395(1)

50. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages in an amount in excess of $10,000.00.

51. It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action, and Defendants should be required to pay attorneys fees and costs incurred as a result of this action.

## SIXTH CLAIM FOR RELIEF

### RESPONDEAT SUPERIOR

52. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 51 above as if set forth in full herein.

53. At all times the actions of Defendant Yoshizawa were taken on behalf of herself,

GCD, and All Island Properties, Inc.

54. Pursuant to the doctrine of Respondeat Superior, GCD and All Island Properties, Inc. should be held liable and joint and several tort feasors for the actions of Yoshizawa.

55. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages in an amount in excess of $10,000.00.

56. It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action, and Defendants should be required to pay attorneys fees and costs incurred as a result of this action.

## SEVENTH CLAIM FOR RELIEF

### PUNITIVE DAMAGES

57. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 56 above as if set forth in full herein.

58. The acts and occurrences of Defendants, as alleged herein, are willful, wanton, malicious, fraudulent and/or oppressive.

59. Plaintiff requests punitive damages be imposed against Defendants, pursuant to NRS 42.001 and 42.005 for the sake of example and by way of punishing the Defendants.

60. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages in an amount in excess of $10,000.00.

61. It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action, and Defendants should be required to pay attorneys fees and costs incurred as a result of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff expressly reserves the right to amend this complaint at the time of trial of this action herein to all Defendants, Corporations, Does and Roes and prays for

judgment against the Defendants as follows:

1. For general damages in excess of $10,000.00 in an amount to be proven at trial;

2. For punitive damages in excess of $10,000.00 in an amount to be proven at trial;

3. For a constructive trust over the Property to protect Plaintiffs' interests therein

4. For costs and disbursements of suit;

5. For attorneys fees;

6. For such other and further relief as the Court may deem just and proper.


Dated this 15th day of July, 2013.

NEIL ACKERMAN, ESQ., LLC

NEIL ACKERMAN, ESQ.
Nevada State Bar No. 9950
624 S 10th Street
Las Vegas, Nevada 89101
Telephone: (702) 262-1651
Attorney for Plaintiffs

**EXHIBIT 2**

# JAIMEE YOSHIZAWA
Facsimile: (702) 664-0448
E-Mail: JAIMEEY001@gmail.com

July 22, 2013

***Via Facsimile Only (702) 974-1557***
Neil Ackerman, Esq.
NEIL ACKERMAN, ESQ. LLC
624 S. 10th Street
Las Vegas, NV 89101

> Re:    Jackson v. Yoshizawa, et al.
> Case No.:    A-13-685193-C

Dear Mr. Ackerman:

Please be advised that I was recently informed that your firm had filed a complaint on behalf of the Mr. & Mrs. Jackson. It is respectfully requested that you immediately file a Notice of Voluntary Dismissal pursuant to NRCP 41(a)(1).

In December, 2010 I filed for bankruptcy relief and received a discharge of all the debts listed on February 3, 2012, pursuant to 11 U.S.C. § 727. (Case No. 10-33774-BAM) The Jacksons are aware of these facts. The case was also determined to be a "no asset" case. This is a key fact as the Ninth Circuit has taken the position that even if an unsecured debt is owed and claimed, if there are not non-exempt assets to distribute, there is, "no harm, so no foul." As Judge O'Scannlain determined in his concurring opinion in *In re Beezley*, 994 F. 2d 1433, 1435 (9th Cir., 1993) stated (citing from § 727):

> …this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter [i.e., the date of the bankruptcy filing]...." "The operative word is 'all'. There is nothing in Section 727 about whether the debt is or is not scheduled. So far as that section is concerned, a pre-bankruptcy debt is discharged, whether or not it is scheduled." *In re Mendiola,* 99 B.R. 864, 865 (Bankr.N.D.Ill.1989). *See In re Stecklow,* 144 B.R. 314, 317 (Bankr.D.Md.1992) ("breadth of the discharge" under § 727 is "comprehensive"); *In re Thibodeau,* 136 B.R. 7, 8 (Bankr.D.Mass.1992) ("§ 727(b) itself makes no exception for unlisted debts").

This followed Beezley's request to schedule debt which he had failed to list in his "no asset" case. My case was likewise a no-asset case, however the Jacksons were provided notice, and at the least were aware of my filing.

Therefore, it is respectfully requested that you dismiss me from the State Court case. If this is not accomplished within the next seven (7) business days, I will seek to reopen my bankruptcy case and seek appropriate sanctions for the violation of the discharge injunction permitted under § 727 of the Bankruptcy Code.

Thank you for your attention to this matter. Please respond by facsimile or by email, as to your intentions.

Sincerely,

/s/ Jaimee Yoshizawa

Jaimee Yoshizawa

7/19/13                                   LIVE ECF

## U.S. Bankruptcy Court
### District of Nevada (Las Vegas)
### Bankruptcy Petition #: 10-33774-bam

|  |  |
|---|---|
| | *Date filed:* 12/23/2010 |
| *Assigned to:* BRUCE A. MARKELL | *Date terminated:* 03/06/2012 |
| Chapter 7 | *Debtor discharged:* 02/03/2012 |
| Voluntary | *341 meeting:* 01/31/2011 |
| No asset | *Deadline for objecting to discharge:* 04/01/2011 |

*Debtor disposition:* Standard Discharge

| | |
|---|---|
| **Debtor** | represented by **JAMES W. KWON** |
| **JAIMEE YOSHIZAWA** | JAMES KWON, LLC |
| 5130 S. FORT APACHE ROAD, #215-417 | 8925 W. POST RD, #120 |
| LAS VEGAS, NV 89148 | LAS VEGAS, NV 89148 |
| CLARK-NV | (702) 515-1200 |
| SSN / ITIN: xxx-xx-1128 | Fax : (702) 515-1201 |
| | Email: jkwon@jwklawfirm.com |

| | |
|---|---|
| **Trustee** | |
| **YVETTE WEINSTEIN** | |
| 6450 SPRING MTN RD #14 | |
| LAS VEGAS, NV 89146 | |
| (702) 364-8919 | |

| | |
|---|---|
| **U.S. Trustee** | represented by **ATHANASIOS E. AGELAKOPOULOS** |
| **U.S. TRUSTEE - LV - 7** | 300 LAS VEGAS BLVD., SO., #4300 |
| 300 LAS VEGAS BOULEVARD, SO. | LAS VEGAS, NV 89101 |
| SUITE 4300 | (702) 388-6600 |
| LAS VEGAS, NV 89101 | Email: athanasios.agelakopoulos@usdoj.gov |

| **Filing Date** | **#** | **Docket Text** |
|---|---|---|
| 12/23/2010 | <u>1</u><br>(71 pgs) | Chapter 7 Voluntary Petition. Fee Amount $299. Filed by JAMES W. KWON on behalf of JAIMEE YOSHIZAWA (KWON, JAMES) (Entered: 12/23/2010) |
| | <u>2</u> | Statement of Social Security Number(s). **This document contains sensitive information and cannot be viewed by the public.** Filed |

# EXHIBIT 3

A-13-685193-C

# DISTRICT COURT
# CLARK COUNTY, NEVADA

| | | |
|---|---|---|
| **Breach of Contract** | **COURT MINUTES** | **April 21, 2014** |

A-13-685193-C    Richard  Jackson, Plaintiff(s)
vs.
Jaimee Yoshizawa, Defendant(s)

**April 21, 2014**        **3:00 AM**        **Motion to Dismiss**

**HEARD BY:**    Adair, Valerie                **COURTROOM:**  RJC Courtroom 11C

**COURT CLERK:**    Dania Batiste

### JOURNAL ENTRIES

- COURT ORDERED, Motion to Dismiss is GRANTED as to Yoshizawa; noting it appears that this debt was discharged in Bankruptcy.  COURT FURTHER ORDERED, if Plaintiff has documentation that the debt was not discharged, Plaintiff may file a Motion for Reconsideration, attaching such documents.

FURTHER ORDERED, this case is DISMISSED WITHOUT PREJUDICE against Defendants GCLMD, Tennariellos, Silvas, Nelson, and National Alliance Title Company for Plaintiff's failure to serve within 120 days; the remainder of the Motion to Dismiss and/or Motion for Summary Judgment is DENIED.